UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD ANTON SMITH,<br><br>Defendant. | Criminal Case No.: 09-cr-3394-JM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. 3582(c)(2)**<br><br>Docket No. 29 |

On April 9, 2010, pursuant to a plea agreement ("Agreement"), Howard Anton Smith ("Defendant") pleaded guilty to a two-count Superseding Information charging him with use of a communication facility to facilitate the distribution of 8.67 grams of crack cocaine on April 22, 2009 and 7.64 grams of crack cocaine on April 28, 2009 in violation of 21 U.S.C. 843(b). On July 9, 2010, the court sentenced Defendant to two consecutive sentences of 48 months, for a total of 96 months' custody. On September 28, 2012, Defendant moved under 18 U.S.C. § 3582(c)(2) for a reduction in sentence from 96 months to 60 months based upon amendments ("Amendments") to the United States Sentencing Guidelines ("Guidelines") which retroactively modified guideline ranges for crack cocaine offenses. For the reasons set forth below, the motion is DENIED.

1

**DISCUSSION**

When a court accepts a plea agreement, imposes a recommended sentence based on the Guidelines, and those Guidelines are retroactively amended, a defendant may seek § 3582(c)(2) relief. Freeman v. United States, 131 S.Ct. 2685, 2695 (2011).

> By its plain terms, § 3582(c)(2) requires that the district court: (1) determine whether the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*)"; (2) "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable"; and (3) determine whether "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

United States v. Chaney, 581 F.3d 1123, 1126 (9th Cir. 1993). The court retains discretion on whether to reduce a sentence under § 3582. United States v. Morales, 590 F.3d 1049, 1051 (2010); see United States v. Cueto, 9 F.3d 1438, 1440 (9th Cir. 1993). The policy statement that applies to § 3582(c)(2) motions instructs a court to substitute only the retroactive amendment and to isolate the marginal effect the old Guideline had on a defendant's sentence. USSG §1B1.10(b)(1); Freeman v. United States, 131 S. Ct. 2685, 2693 (2011). A reduced term of imprisonment must be within the amended Guidelines range unless the sentencing court originally imposed a below-Guidelines sentence. Dillon v. United States, 130 S. Ct. 2683, 2692.

**1. The plea agreement was based on the Guidelines.**

A defendant may bring a § 3582 motion for a plea agreement sentence based on the Guidelines. Freeman v. United States, 131 S.Ct. 2685, 2693 (2011). In Freeman, the district court calculated the sentencing range, considered advisory guidelines, and imposed a sentence that fell within the guidelines sufficient to meet the objectives of the law. Id. The court expressed judgment that the sentence was appropriate in light of the Guidelines range. Id. Therefore, its decision was based on that range. Id.

Here, Defendant brought a § 3582 motion for an Agreement sentence based on the Guidelines. The court recited the Guideline calculations, applied a base offense level according to § 2D1.1, with a three-level downward adjustment for acceptance of responsibility, followed the recommendation of both parties and sentenced Defendant to a stipulated sentence based upon the statutory maximum. Therefore, its decision was based on the Guidelines and the court may consider whether to reduce Defendant's sentence.

**2. Application of the Amendment results in a lower sentencing range.**

A defendant is not eligible for a sentence reduction under section 3582(c)(2) when the application of the Amendment does not result in a lower sentencing range. USSG §1B1.10(a)(2)(B); United States v. Leniear, 574 F.3d 668, 673 (2009).

The Amendment reduced the advisory range applicable to Defendant. Pursuant to the Agreement Defendant pled guilty to charges under 21 U.S.C. § 843, resulting in an advisory range of 77-96 months calculated from a base offense level of 24, a three-level downward adjustment for acceptance of responsibility, and criminal history category VI. The Amendment increased the threshold amount of cocaine base required for a five-year mandatory minimum sentence from 5 grams to 28 grams, 21 U.S.C. §§841(b)(1)(B)(iii), 960(b)(2)(C), and increased the threshold amount of crack cocaine required for a ten-year mandatory minimum from 50 grams to 280 grams, 21 U.S.C. §§841(b)(1)(A)(iii), 960(b)(1)(C). On November 1, 2011, the Sentencing Commission increased the quantities of cocaine base required to trigger base offense levels in Guidelines § 2D1.1 to conform with the penalty provisions of the Fair Sentencing Act of 2010. Under these Amendments, Defendant's sentence under the terms of the Agreement would result in an advisory range of 51-63 months, resulting from a base offense level of 20, a

three-level downward adjustment for acceptance of responsibility and a criminal history category VI.  Therefore, the court may consider whether to reduce Defendant's sentence.

**3. Section 3553(a) factors weigh in favor of retaining the original sentence.**

In deciding whether to exercise its discretion, the court must consider the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to accomplish the purposes of sentencing, the kinds of sentences available, the sentence recommended by the advisory guidelines, any relevant policy statement from the Sentencing Commission, the need to avoid unwarranted sentence disparities among defendants with similar records who are guilty of similar conduct, and the need to provide restitution to victims of the offense.  18 U.S.C. § 3553(a)(1)-(7).

Where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate.  Freeman v. United States, 131 S.Ct. 2685, 2694 (2011).  A court may take into account a defendant's decision to enter into a plea agreement and if it "concludes the agreement led to a more lenient sentence than would otherwise have been imposed, it can deny the motion, for the statute permits but does not require the court to reduce a sentence.  This discretion ensures that § 3582(c)(2) does not produce a windfall."  Id.

Defendant, a career offender, has a record of four prior felony drug offenses and has served sentences exceeding eight years.  His criminal history includes two felony convictions for possession of PCP for sale, two felony convictions related to the possession and purchase of cocaine base for sale, at least seven probation or parole revocations, six misdemeanor convictions, and twenty other law enforcement contacts.  For Defendant's most recent drug conviction, he returned to custody for a parole revocation.  Two months after he was released on parole, he sold 1.38 grams of cocaine base in one transaction.  A month later, he sold 1.44 grams,

8.67 grams, and 7.64 grams of cocaine base in three separate transactions leading to the current indictment and plea agreement. To his credit, post-sentencing, Defendant has engaged in rehabilitation efforts. He has successfully completed several courses designed to give him practical life skills, and is currently enrolled in pre-G.E.D. programs. These facts weigh in favor of mitigating the sentence; however, the inquiry does not stop here.

The Amendment seeks to create a comprehensive and consistent sentencing scheme by eliminating an unwarranted disparity created by the old crack-cocaine range. Here, Defendant's current sentence is consistent with a sentencing scheme in which those committing crimes of similar severity under similar conditions receive similar sentences. Under the Agreement, Defendant receives half of the low end of the advisory range that similarly situated defendants receive under both the 2009 and 2011 Guidelines for crimes of this nature.

A reduction in Defendant's sentence would produce a windfall inconsistent with sentences for crimes of this nature. At the time of sentencing, the charges in the Indictment carried penalties more severe than the charges agreed upon in the Agreement. With Defendant's prior convictions, counts 2 and 3 of the Indictment each carried a ten-year mandatory minimum sentence. Defendant's advisory range would have been 188-235 months, resulting from a career offender base offense level of 34, a three-level downward adjustment for acceptance, and a criminal history category VI. Without the Agreement Defendant's advisory range would remain the same under both the 2009 and 2011 Guidelines due to Defendant's career offender status. With the Agreement Defendant received a sentence of approximately half of the low end of that advisory range. Because Defendant has already benefitted from the Agreement, further reducing Defendant's current sentence would not reflect the seriousness of the offense, promote respect

for the law, provide just punishment, afford adequate deterrence or protect the public from further unlawful behavior.

## CONCLUSION

For the reasons set forth, the court DENIES the Motion.

Dated: November 15, 2012

Jeffrey T. Miller
United States District Judge

cc: all parties